IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-544-FL

| | |
|---|---|
| APOSTLE ANTHONY L. McNAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| ROCKY MOUNT POLICE ) | |
| DEPT. , ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff has filed an application to proceed *in forma pauperis*, and has demonstrated appropriate evidence of inability to pay the required court costs. However, the Court must also conduct a review pursuant to 28 U.S.C. § 1915(e)(2) which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996)(discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989). For the following reasons the undersigned recommends that Plaintiff's Complaint be found insufficient to survive review under 28 U.S.C. § 1915(e)(2).

Plaintiff alleges that Defendant has "charged . . . [him] with commit felonies offenses [sic] in a 'false arresting warrant'" (DE-3, pg. 3). The relevant charges are currently set for trial beginning March 28, 2011 (DE-3, pg. 4). In Heck v. Humphrey, 512

U.S. 477 (1994), the Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable . . . Thus, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.
> Heck, 512 U.S. at 486-487.

If Plaintiff were to succeed on his instant claim, his pending state prosecution would necessarily be invalidated. Thus, Plaintiff's right to action on this claim has not yet accrued. Similarly, "federal courts should abstain from the decision of constitutional challenges to a state action . . . whenever the federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 52 (4th Cir. 1989)(internal citations and quotations omitted). The issues raised by Plaintiff involve important state interests and clearly can be presented in the ongoing state judicial proceedings in this matter.

## Conclusion

For the aforementioned reasons, the undersigned RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis* be GRANTED, but that his Complaint be dismissed for failure to state a claim.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 6th day of December, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE