IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-544-FL

| | | |
|---|---|---|
| ANTHONY LEE MCNAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROCKY MOUNT POLICE DEPT., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of Magistrate Judge William A. Webb, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b). The magistrate judge recommends that the court allow plaintiff's motion to proceed *in forma pauperis* but dismiss his complaint under 28 U.S.C. § 1915(e)(2). Plaintiff objected.

Plaintiff filed an application to proceed *in forma pauperis* in this action on November 10, 2010. In his complaint, plaintiff appears to allege a § 1983 claim against the Rocky Mount Police Department for falsely arresting him, acting with prejudice, and committing perjury. Plaintiff's complaint, and the documents attached thereto, indicate that plaintiff was arrested on March 22, 2010, and ordered detained by a state magistrate. On July 6, 2010, plaintiff was indicted on a single count of breaking and entering with intent to commit larceny. Plaintiff's criminal trial is set for the week beginning Monday, March 28, 2011.

The magistrate judge recommends that the complaint be dismissed under § 1915(e)(2). The magistrate judge notes that plaintiff's claims has not yet accrued where, if he were to succeed here, his state court conviction would necessarily be invalidated. See Heck v. Humphrey, 512 U.S. 477,

486-87 (1994). The magistrate judge further found that plaintiff's challenges to his arrest and indictment are better presented in his state criminal proceedings, noting that this court should abstain from deciding constitutional challenges to state action if that challenge could be presented in ongoing state judicial proceedings concerning important state interests. See Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 52 (4th Cir. 1989).

Absent a specific and timely filed objection, the court reviews a magistrate judge's recommendation under 28 U.S.C. § 636(b) only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Although plaintiff objects to the magistrate judge's analysis, his objection simply asks the court to award him $15 million in damages without directing the court to any error in the magistrate judge's analysis. As such, the court reviews the M&R only for clear error.

The court has carefully considered the complaint and the magistrate judge's analysis. The court agrees with the magistrate judge that plaintiff's claim may not be brought in federal court at this time, and accordingly ADOPTS the M&R (DE # 7) as its own. Plaintiff's motion for leave to proceed *in forma pauperis* (DE # 4) is ALLOWED. However, this action is DISMISSED.*

SO ORDERED, this the 28th day of December, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

---

* On December 20, 2010, plaintiff filed a document notifying the court that he had issued all evidence in support of his statement of the claim and requesting "for judgment to proceed" (DE # 9). The court construes this as a motion to overrule the M&R and allow plaintiff to proceed with his action. So construed, the motion is DENIED.

2